## No. 5212.

SUCCESSION OF E. CORDEVIOLLE *v.* JOHN DAWSON. MARIE LOUISE REMY *v.* The Same. MRS. ELIZABETH MARTIN *v.* The Same. (Consolidated.)

In 1835, the marriage contract between Mrs. Elizabeth Martin and John Dawson, which, it is claimed, contains a "*constitution of dowry*," was recorded in the book of donations in the office of the recorder of mortgages in New Orleans, and it is contended that this preserved the registry of the wife's mortgage on the property of her husband, and gives her the preference to the proceeds of his property over the other plaintiffs and contestants before this court.

Article 1541, Code of 1825, is invoked. It provides that: "When the donation comprehends property that may be legally mortgaged, the act of donation, as well as the act of acceptance, whether the acceptance be made by the same or a separate act, must be registered within the time prescribed for the registry of mortgages, on a separate book for that purpose, by the register of mortgages, which book shall be open to the inspection of all parties requiring it."

The object of this article is not to give notice of the wife's mortgage upon her husband's property for the protection of her dotal or other rights, but to operate as notice of the property donated, its status, and the inability of the donor, probably, or his creditors, to in any manner affect said property. It relates only to the property embraced in the act of donation, its title and character.

The wife's mortgage, as to her husband's property, existed without the registry, but when the system of this class of mortgages was changed, registry became necessary, and some of the modes prescribed for the registry of the various kinds of mortgages was essential. The registry of the marriage contract, in this instance, not being one of the modes prescribed, is not a compliance with the law on the subject. It did not operate or preserve a mortgage before the first of January, 1870, and there is no law giving it such effect since that date.

Because the function of the mortgage office and its records is to preserve mortgages, it does not follow that the direction to record an act of donation in a book of donations (conceding the marriage contract in this instance to be a donation), created and preserved a mortgage in favor of the donee—the wife. Mortgages, to be preserved and effective, as to third parties, must be registered in the book and in the manner prescribed by the law for that purpose. This was not done in this case.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier, J. Charles Louque,* for plaintiff and appellee. *E. H. McCaleb,* for Mrs. E. Martin, wife of John Dawson, appellant.

HOWELL, J. The main question in these cases is one of registry. In 1835 the marriage contract between Mrs. Elizabeth Martin and John

Dawson, which, it is claimed, contains a " constitution of dowry," was recorded in the book of " Donations " in the office of the Recorder of Mortgages in New Orleans, and this, it is contended, preserved the registry of the wife's mortgage on the property of her husband, and gives her the preference to the proceeds of his property over the other plaintiffs and contestants before us.

It is argued in her behalf that her mortgage existed under the Code of 1825 without registry, and that having registered the marriage con-tract, as already stated, the law as it now exists is complied with. In support of this article 1541, Code of 1825, is invoked. It prescribes that: " When the donation comprehends property that may be legally mortgaged, the act of donation, as well as the act of acceptance, whether the acceptance be made by the same or a separate act, must be registered within the time prescribed for the registry of mortgages, in a separate book kept for that purpose by the register of mortgages, which book shall be open to the inspection of all parties requiring it." The object of this article is not to give notice of the wife's mortgages upon her husband's property for the protection of her dotal or other rights; but as notice of the donation of the property donated, its status and the inability of the donor, probably, or his creditors to in any manner affect said property. It relates solely to the property embraced in the act of donation—its title and character. As said by the wife's counsel, her mortgage existed, as to her husband's property, without the registry; but when the system of this class of mortgages was changed, registry became necessary and some one of the modes prescribed for the registry of the various kinds of mortgages was essential. The registry of the marriage contract, in this instance, not being one of the modes prescribed, is not a compliance with the law on the subject. It did not operate or preserve a mortgage before first January, 1870, and there is no law giving it such effect since that date.

In the case of Bank of New Orleans v. Toledano & Taylor, 20 An. 571, we had occasion to express the opinion that a similar registry under the article was intended to give effect to the donation as to third persons. And we do not now think that, because the function of the mortgage office and its records is, as agreed by counsel, to preserve mortgages, therefore the direction to record an act of donation in a book of donations (conceding the marriage contract in this instance to be a donation), created and preserved a mortgage in favor of the donee—the wife. Mortgages, to be preserved and effective as to third persons, must be registered in the book and in the manner specially prescribed by the law for that purpose. Nor do we say that a " re-recordation " is necessary since the adoption of the present constitu-

tion, if a valid one was made prior to that date. We do not think the recording of the marriage contract in this case was a compliance with the law relative to the registry of mortgages, so as to affect third persons.

This renders it unnecessary to pass on other questions presented in the two appeals.

Judgment affirmed.